ISAIAH HARRIS v. JAMES L. THOMPSON.

NEW TRIAL, *Properly Refused.* Where, after a case is tried by a court without a jury, and a general finding entered for defendant, a motion is made for a new trial, upon the ground of newly-discovered evidence, and overruled by the trial court, *held*, that where, because of the contradictory testimony, the general finding would have to be sustained, the ruling on the motion for a new trial must also be sustained, unless such newly-discovered testimony would reasonably compel a conclusion different from that reached on the trial.

*Error from Wabaunsee District Court.*

EJECTMENT, brought by *Harris* against *Thompson.* Trial, and judgment for the defendant, at the March Term, 1877, of the district court. The plaintiff brings the case to this court.

The nature of the action, and the facts, sufficiently appear in the opinion.

*James Rogers,* and *E. M. Sanford,* for plaintiff in error.
*Martin & Mileham,* and *C. M. Foster,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action of ejectment, brought in the district court for Wabaunsee county, by Isaiah Harris against James L. Thompson, to recover about 12¾ acres of land, claimed to be a part of the northwest quarter of section 30, in township 14, of range 13, and damages for withholding the same. The defendant answered, first, by a denial of withholding from plaintiff the possession of the lands described in his petition; and second, that the land in dispute is a part of the northeast quarter of section 25, in township 14, of range 12, and that said last-described tract, of which the disputed strip is a part, is owned by him in fee, and that he had been in the quiet and peaceable possession of it for more than twenty years prior to the commencement of this action. The real point in dispute was, whether the land described in the plaintiff's petition is a part of the northwest quarter of section 30, in township 14, of range 13, or a part of the northeast quarter of section 25, in township 14, of range 12. To this answer, the plaintiff replied by a general denial. The second and final trial of the case was had at the September term, 1876, of the district court for Wabaunsee county, before the court, and without a jury, and the court took the case under advisement until the March term, 1877, at which term a general judgment, without any special findings of fact or conclusions of law, was rendered for the defendant. Thereupon, the plaintiff made a motion for a new trial, which was duly considered, and at the September term, 1877, was overruled by the court.

There are really but two questions: the first, whether the finding is contrary to the evidence; and second, whether, in the newly-discovered evidence, there was such a showing as

entitled the party to a new trial.   Two defenses, it has been
stated, were pleaded — first, that the disputed tract, in fact and
according to the true line, belonged to the defendant's quar-
ter; and second, that it had been in the open and notorious
occupancy of defendant for twenty years, under a claim of
title.   We are not advised upon which ground the district
court rested its conclusion.   We think there was sufficient
testimony to support the judgment upon either ground.   Fif-
teen years' occupancy is sufficient.   So far as the record be-
fore us shows, March, 1876, is the first appearance of this
case in court.   Defendant testified, that in 1857 he first
claimed the tract; that he cut a tree down in that year,
thereon, and made·it into shingles for one McCoy ; that he
cut rails thereon, and that thereafter, as he wanted rails, he
cut them from this tract; that in 1861 he fenced the tract, or
nearly all of it, and had ever since used it for pasture or
cultivation.   Again, the plaintiff's title to his land dated
from 1866, and his occupancy commenced in 1870.   He had
resided on the same section ever since 1856, so that he must
have known of defendant's occupancy and claim for years
before he commenced·this action.   It would be difficult to
say that there was not enough in this to sustain the finding
of the court upon the mere question of occupancy.   But
passing that, upon the question as to the location of the true
line ·between the two quarter-sections, there was abundance
of testimony to sustain the conclusion of the court.   The
record is lengthy, and there is quite a volume of testimony.
Surveyors were introduced, on both sides, who had run the
lines, and whose results were as different as the interests of
the parties for whom they testified.   It would be impossible,
upon such testimony, to say that a finding either way was
not supported by an abundance of testimony.   On the mo-·
tion for a new trial, several affidavits were read by plaintiff.
It appeared on the trial that the stone on the southwest cor-
ner of the township was a starting-point for some of the sur-
veys, and that its true location had been represented by
defendant to be some twelve rods east of its present site, and

at a mound which he pointed out. These affidavits seem to do away with the existence of any such mound, and tend strongly to show that the stone is in fact where it was originally placed, and at its true location. Of course, to this extent it discredits defendant's testimony, and weakens his case. To this, defendant's counsel reply, that this testimony, being cumulative, is not of such a character as necessarily or reasonably requires a different finding and judgment. We think this point well taken.

Conceding, though we do not so assert, that it does away with all of the testimony of defendant based upon the site of that corner-stone, still it does not destroy all of defendant's testimony as to the true line between him and plaintiff. Furthermore, it does not make in the slightest against any of the evidence concerning occupation for these many years. All that testimony remains unchallenged, and for aught the record discloses, that may have been the ground upon which the district court decided this case. Be that as it may, we have the undisputed fact before us that the judge, who, as a trier of questions of fact, decided these questions against the plaintiff, decided also that this additional testimony was no ground for a rehearing. In other words, he thereby affirms that upon this testimony, together with that offered on the trial, he would have found the same way.

We think he was right; but whether right or not, we think his conclusion upon this question of fact a final disposition of the case, and that no legal error is shown of which we can take cognizance, and therefore the judgment is affirmed.

All the Justices concurring.